ISHIDA ET AL *v.* UNITED STATES (NO. 2061).[1]

EVIDENCE—ADMISSION OF FORMER RECORDS.

The admission by the Board of United States General Appraisers of the records in other cases over the objection of a party and with no opportunity to the party to call for reexamination or cross-examination any one or more of the witnesses who testified in such other cases, or to introduce additional evidence in explanation, contradiction or impeachment is a violation of Rule XXII of the board's rules, and reversible error.

## United States Court of Customs Appeals, January 22, 1923.

APPEAL from Board of United States General Appraisers, Abstract 43792.

[Reversed.]

*Frank L. Lawrence* (*Martin T. Baldwin* of counsel) for appellants.
*William W. Hoppin*, Assistant Attorney General (*David Hyams* and *Samuel Isenschmid*, special attorneys, of counsel), for the United States.

[Oral argument May 23, 1922, by Mr. Hoppin.]

Before SMITH, BARBER and MARTIN, Associate Judges.

MARTIN, Presiding Judge, delivered the opinion of the court:

The merchandise involved in this case consists of Japanese white oak lumber, which was imported into this country at the port of Los Angeles. It was assessed with duty at the rate of 10 per cent ad valorem as cabinet wood under paragraph 169, tariff act of 1913. The importers protested, claiming free entry under the provision for sawed lumber not specially provided for, under paragraph 647 of the act.

Testimony was taken in the case before a general appraiser at San Francisco, counsel for the respective parties being present. After several witnesses had been examined the Government moved that the records in two former cases concerning Japanese white oak lumber, to wit, T. D. 35131 and T. D. 36870, should be incorporated into the record of this case. This motion was formally opposed by counsel for the protestants. The motion and the objection thereto appear from the following colloquy which is copied from the record:

General Appraiser McCLELLAND. Are you ready to submit?
Mr. FARRELL. I am ready to submit if the importer is ready to submit.
Mr. WYMAN. We submit.
Mr. FARRELL. Submitted.
General Appraiser McCLELLAND. Both sides. I think the board may of its own motion introduce some of the old records; if it is going back to the Court of Appeals they ought to have all the records, all the light possible. I am rather inclined to think that the board may, if there is no request made from any source, consolidate all these records so that the court may be——
Mr. WYMAN. What records does your honor refer to?
General Appraiser McCLELLAND. The records in all the white oak cases.
Mr. WYMAN. You mean in the former cases?

[1] T. D. 39431.

General Appraiser McCLELLAND. Yes.

Mr. WYMAN. It would enhance very greatly the expense of litigation.

Mr. FARRELL. That is the very point. If the importer is retrying this issue over again, as he stated this morning, I think the records might very well go in.

General Appraiser McCLELLAND. That would be an unfortunate feature of it, of course, but it seems to me that the court ought not to be called upon to revise its former ruling on such a record as we have here this morning. I do not know what will happen when the case is taken up, but I am just intimating under our rules we might consolidate these records. Of course, it is to the interest of everybody that this case should be tried on the fullest record possible, so that it will be finally settled one way or the other. Case submitted.

Mr. WYMAN. We ask that the other cases be continued.

Mr. FARRELL. No objection. Do I understand that the other cases are finally decided to be consolidated?

General Appraiser McCLELLAND. I haven't decided that yet. When the case is taken up the board may decide to.

Mr. FARRELL. I move that the record in T. D. 35131 be incorporated into this record, and T. D. 36870, covering Japanese white oak lumber.

Mr. LAWRENCE. I oppose that motion, your honor.

General Appraiser McCLELLAND. I will leave the motion undisposed of until the case is taken up for consideration, to see how the record appears. Case submitted.

No interlocutory ruling upon this controversy was ever entered or announced by the board, but in the final decision, which was adverse to the importers, the board ruled upon the subject as follows:

This is by no means a new issue. Testimony was taken in the instant case at the port of San Francisco and during the taking thereof counsel for the Government moved that the records in the cases reported in T. D. 35131, G. A. 7682, and T. D. 36870 (Mitsui & Co. et al. v. United States, 7 Ct. Cust. Appls., 307), covering similar merchandise, be incorporated into this record. The motion was opposed by counsel for the importers and was left undisposed of until the cases should be taken up for final consideration. In his brief counsel for the importers adheres to his objection to the admission of these records and directs attention to Rule XXII of the board which gives the right to either party to have the witnesses who testified in the records admitted summoned for further cross-examination, pointing out that one of the witnesses is dead, one understood to be in Japan, and another in Australia, while doubtless still others are beyond the reach of process. These objections were not raised at the time the motion for the admission of the records was made and we overrule the objections and grant the motion, believing it to be important in the consideration of these cases that the board should have all the evidence heretofore taken which would aid it and the court if the case be appealed, in a final adjudication of the issue.

The importers have appealed the case to this court. Sections 6 and 9 of their assignment of errors read as follows:

6. In admitting in evidence the records in the cases reported in T. D. 35131, G. A. 7682, and T. D. 36870 (Mitsui & Co. et al. v. United States, 7 Ct. Cust. Appls., 307).

9. In deciding the protest at the same time and in the same decision as the motion for admission and thus giving protestants no opportunity to examine said records with view of determining (a) whether they desired to have any of the witnesses whose testimony is contained in such records summoned for reexamination or cross-examination as provided by No. XXII of the rules of the board, T. D. 37772, and (b) whether legal objection to any portions of said records might be raised.

The following is a copy of Rule XXII, of the rules of the board (T. D. 37772), which is referred to in the foregoing complaint:

Rule XXII. Where a question of the classification of imported merchandise is under consideration for decision by any one of the boards and a decision has been previously made involving the classification of goods substantially the same character, the record and testimony taken in the latter case may, within the discretion of the board, be admitted as evidence in the pending case on motion of either the Government or the importer or on the board's own order: *Provided,* That either party may have any one or more of the witnesses who testified in such case summoned for reexamination or cross-examination, as the case may be. This rule shall, furthermore, apply to the printed records which may have been acted on by the courts in the case of appeals taken from the decisions of the board.

Upon a consideration of the foregoing rules we think that the board erred in the proceedings in question. The importers were entitled to an opportunity to call for reexamination or cross-examination any one or more of the witnesses who testified in the former cases, and to introduce additional evidence in explanation, contradiction or impeachment, of that contained in the record. That right, however, was denied the importers in this case, because of the fact that the same decision which admitted the records in evidence also finally disposed of the case. Thus in effect the issue was tried and decided upon the testimony of adverse witnesses whom the importers had no opportunity to cross-examine, under circumstances which also denied the importers an opportunity to impeach or contradict them.

The question presented by this case differs substantially from that in United States *v.* Motor Car Equipment Co. (3 Ct. Cust. Appls. 77; T. D. 32355), as will appear from the following extract from the decision in that case:

The board did not directly refuse a right to cross-examine the witness, for no such request was distinctly made by counsel. The board evidently understood that no such request was intended, and this because its attention was not called to the matter at the time it took the question under advisement. This presents quite a different question from a case wherein a demand for an opportunity to cross-examine the witnesses is specifically made by counsel and refused by the board, *or where the testimony is admitted under such circumstances as plainly evidence that counsel had no opportunity to prefer such a request.* [Italics ours.]

In the present case we think that the records in question were admitted "under such circumstances as plainly evidence that counsel had no opportunity to prefer such a request." The board, however, was advised by the importers' briefs that they distinctly objected to the admission of the records in evidence, unless an opportunity to cross-examine the witnesses in question was granted to them— and this before the board had ruled upon the motion or decided the case.

It is contended by the Government that the record in T. D. 35131 was stipulated into the instant record by importers' counsel, and therefore that its incorporation herein can not serve as a basis for the present complaint. We have examined the various records in question upon this point and do not think that they fully sustain the interpretation thus placed upon them. And in any event T. D. 35131 was only one of the two records thus incorporated, and the other one, to wit, T. D. 36870, also contained substantial evidence upon the issue.

The protests involved in this case were tried before the board together with those of Wheeler, Elder & Elder, and others, and the latter came before this court upon appeal in suit 2060, which was decided in T. D. 38752. The present question was raised also by the record in that appeal, but when the case was submitted to the court the question was explicitly waived by the importers, and consequently was not passed upon.

See United States v. Oberle (1 Ct. Cust. Appls. 527; T. D. 31545); United States v. Quong (5 id. 198; T. D. 34326); United States v. Jaehne (8 id. 307; T. D. 37585).

For the reasons stated we *reverse* the decision of the board, and remand the case for a retrial in accordance with the principles herein set out.