UNITED STATES *v.* M. MINKUS (No. 3060[1])

United States Court of Customs Appeals, June 11, 1928

*Charles D. Lawrence*, Assistant Attorney General (*Hugo P. Geisler* and *Oscar Igstaedter*, special attorneys, of counsel), for the United States.

*Comstock & Washburn* (*Geo. J. Puckhafer* of counsel) for appellee.

[Oral argument May 9, 1928, by Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

This is an appeal by the United States from a judgment of the first division of the United States Customs Court affirming the judgment of the single appraising justice, who sustained the invoice values on certain small books or dictionaries which are printed partly in a foreign language and partly in the English language. This cause was before this court in suit No. 2996, *United States v. Minkus*, 15 Ct. Cust. Appls. 260, T. D. 42394, and upon motion was remanded, for the reason that the court below had not stated "its action in a written decision, setting forth the facts upon which the finding was based and the reasons therefor," as provided by the statute, following *Downing & Co. v. United States*, 15 Ct. Cust. Appls. 235, T. D. 42243.

---

[1] T. D. 42869.

The merits in the controversy were not considered by this court in the former appeal. The court below, agreeable to the mandate of this court, retried the cause, adopted its former opinion, and set forth the facts upon which the finding was based and the reasons therefor.

At the hearing before the single appraising justice the importer offered in evidence the record in reappraisement No. 51761–A, which covered identical merchandise, from the same shipper to the same purchaser, but which shipment had been made several months prior to the one involved in the matter then pending before the single appraising justice.

The Government objected to the introduction of the offered record, which was offered for the purpose of obtaining the testimony of a Mr. Gunther, who was the publisher of the dictionaries and who, though a resident of Germany, was in this country at the time he testified. The Government objected upon the ground that it had the right to cross-examine the witness and that unless the importer produced the witness for that purpose the record could not be received, under Rule No. XXIV as it existed when the cause was tried. Rule No. XXIV then in force was adopted in October, 1922, and promulgated on November 17, 1922, T. D. 39312, 42 Treas. Dec. 199, and reads in part as follows:

If an appeal is taken from a decision of a single general appraiser the record made before such single general appraiser (including samples, testimony, exhibits, and record of proceedings) shall be the record before the Board of General Appraisers hearing such appeal. *The record in a reappraisement proceeding (including samples, testimony, exhibits, and record of proceedings) may be admitted in evidence in another reappraisement proceeding involving similar merchandise: Provided, That, if such record be admitted and includes the testimony of a witness or witnesses, the party introducing such record, shall, upon the request of the opposite party, produce such witness for reexamination or for the purpose of cross-examination.* (Italics ours.)

Before this court attention has been called to the fact that, since the passage of the Tariff Act of 1922, the rule has been materially amended and changed (Rule 26, T. D. 41941, 51 Treas. Dec. 29), and that this was probably occasioned by the change in the new law with reference to the nature of the proceedings and the kind of evidence which might be considered in reappraisement proceedings. See Par. M, sec. 3 of the Tariff Act of 1913 and sec. 501 of the Tariff Act of 1922.

For the purposes of the decision of this case we do not regard it as essential that we pass upon the validity of the rule under consideration or indulge in extended discussion as to what may or may not be admitted in evidence in reappraisement proceedings before the single appraising justice. We do think it necessary to interpret the meaning of the rule as applied to the particular question at

hand. We are much in doubt as to what construction, if any, was given to the rule by the court below or by the single appraising justice who admitted the record over the objection of the Government.

The opinion of the court below states:

While this rule is comprehensive and strict in relation to admission of records, yet it must be reasonably construed. Here we have a case where the merchandise and the parties are the same. The witness was cross-examined by the Government on the trial of 51761–A, and every fact relative to value, and the state of the market, was brought forth. There is not any indication that the Government omitted anything as to which it now wishes to reexamine or cross-examine. It did not attempt by oral testimony to dispute the facts stated by the witness. Counsel for the Government in his argument before the court stated that if the witness were dead a different question would arise. For all practical purposes the witness is dead. He can not be produced. There is not any method by which his personal attendance could be brought before the court. It seems to us that this rule must be construed in the light of reason. It should not receive such construction that its enforcement would tend to defeat justice rather than to aid it. It is in the interest of justice to introduce records when the facts, the parties, and the issues are the same. It is reasonable to insist on an examination or cross-examination of witness if the parties are not the same, although the merchandise may; for a litigant may be prejudiced by a record in which he did not participate. Such condition was evidently the foundation of the rule. We feel the lower court did not commit error in admitting the record.

The record discloses that the single appraising justice, at the time of the admission of the disputed record, stated, in substance, that he would admit it for what it was worth, taking into consideration the fact that the testimony of Gunther was given almost a year prior to that date and that new evidence might or might not influence the weight to be given to the same.

At the time of the trial in the court below, in considering the question as to whether or not the single appraising justice erred in admitting the record, the following was said:

Justice SULLIVAN. Whether we were right or wrong, whether a witness might be cross-examined, we felt it ought to have been granted.

\* \* \* \* \* \* \*

Justice SULLIVAN. I admit the rule, if workable, would sometimes be a hardship to either party.

\* \* \* \* \* \* \*

Justice SULLIVAN. Now, Mr. Kavanagh, the rule says "shall"; it may be that is binding, but I can't see but if it is impossible of execution, has the court no discretion whatever on that ground?

\* \* \* \* \* \* \*

Justice SULLIVAN. Did you have evidence in addition to that case?

Mr. PUCKHAFER. Yes; I put on the witness to show there was no change in the market.

Justice SULLIVAN. But as far as the facts are concerned, concerning the importer, they were all contained in that first record?

Mr. PUCKHAFER. Yes, sir.

Mr. KAVANAGH. Might I interrupt? Mr. Guenther, the importer, or, rather, the shipper, testified in December, 1925. Now, this special agent's report is

dated July 8, 1926. It is perfectly obvious that the facts were not available at the time the witness testified at the first hearing.

Justice SULLIVAN. What I want to know is, whether or not, if the party is not within the jurisdiction of the court, would that be sufficient to exclude the record?

Mr. PUCKHAFER. It must be reasonable as to an interpretation of this court.

Justice SULLIVAN. It is a question of whether "shall" or "may" is to be construed.

It seems to us that the admission of the record in controversy before the single appraising justice and the approval of such action in the court below was not the result of a construction of the meaning of the rule, but was, in effect, a waiver of the same.

It will be noted that the rule provides for the production of the witness for *reexamination* or *cross-examination*. We are concerned now with the meaning of the word "shall" in the proviso of the rule as affecting the production of a witness for *cross-examination*, and to hold the word "shall" as applied to the facts at hand should be construed to mean "may," would render the rule useless. When fairly interpreted, the rule, we think, excludes records of former appraisement proceedings, like the one at bar, unless and until the witness, on demand by the opposite party, is produced for cross-examination.

While there is much conflict among the numerous authorities in State and Federal jurisdictions in the United States and in the English courts, we think the great weight of authority goes to the effect that a rule of court has the force and effect of law and can not be waived either by the parties or by the court if the waiving of such rule affects a substantial right of either party. *Rio Grande Irrigation & Colonization Co.* v. *Gildersleeve*, 174 U..S. 603; *Hopper* v. *Mather*, 104 Ill. App. 309; *Magnuson* v. *Billings*, 152 Ind. 177; *Witzler* v. *Collins*, 70 Me. 290; *Burlington* v. *Marchand*, 5 Iowa, 468; Corpus Juris, vol. 15, p. 909.

For the most part the authorities which hold that rules of courts may be waived have reference to such rules as are directory only and which are made for the convenience of the court in the handling of its business. Corpus Juris, vol. 15, p. 913.

The rule here under consideration is not directory and is not made for the convenience of the court. We think the rule is mandatory in character when given the construction we have placed upon it, and its enforcement or lack of enforcement affects the substantial rights of litigants.

The parties to a lawsuit have the right to rely upon a court complying with its own rules where such rules are of the character of the one at bar and are not such rules as are procedural only and which are made for the convenience of the court. In the instant case the Government had the right to believe that unless the witness was present for cross-examination it, under the rule, could prevent the

inclusion of the record in the case. If this was the status, it might need no evidence of its own. If, however, the court below waived its rule at the time of hearing and after the trial of the cause had begun, then the Government necessarily would be at a great disadvantage.

If this rule of the entire Board of General Appraisers (now United States Customs Court) was valid—and we are not passing upon that question—it should have been enforced by the single appraising justice and by the first division of such court. If it was invalid, it was no warrant for the admission of the record under the circumstances. The statute (sec. 501 of the Tariff Act of 1922) provides that "in finding such value affidavits of persons whose attendance can not reasonably be had, price lists, catalogues, reports or depositions of consuls, special agents, collectors, appraisers, assistant appraisers, examiners, and other officers of the Government may be considered." Records in prior proceedings are not included in the list of things which may be considered in determining value in reappraisement proceedings.

Counsel for the importer seems to take the position in their brief that the record under consideration was admissible under the "general law of evidence" applicable to the admissibility of evidence taken in a prior trial involving the same parties, where the right of cross-examination had been exercised. We do not think the general law of evidence to which our attention has been called is applicable to the facts in this case. It must be remembered that the record which was admitted over the objection of the Government was concerned with a value of different goods, although of the same character, shipped nearly a year prior to the goods in controversy, and the question involved was one of determining the value of the latter shipment.

It is not without interest to note that Congress, in the enactment of section 501, *supra*, enumerated a great number of sources from which evidence of value might be taken, but that records in former proceedings are not included among them, although it included "affidavits of persons whose attendance can not reasonably be had." No reason is shown in the instant case why the affidavit of the witness Gunther might not have been had, which affidavit might have been directed to the value of the particular shipment under consideration and, therefore, have been more relevant to the issues than the testimony in controversy, which was directed only to shipments made during a previous year.

We conclude, therefore, that the appraising justice was without power to waive or set aside the rule of the court, either directly or by construction, nor was he authorized by the Tariff Act of 1922 or by the general law of evidence to admit the record, under the circumstances as then existed, and that his admission of such record was reversible error. The action of the court below in affirming the action

of the single appraising justice was error, and since it is obvious that the disputed record was given controlling effect in the determination of value in both tribunals, it was reversible error. The court below, for the reasons indicated, should have reversed the action of the single appraising justice and should have remanded the case.

The judgment of the United States Customs Court is *reversed* and the cause is *remanded* for further proceedings not inconsistent with the views herein expressed.