The judgment of the United States Customs Court is *affirmed*.

UNITED STATES *v.* BOSCA, REED, MACKINNON CO., SPRINGFIELD LEATHER PRODUCTS CO., IMPERIAL LEATHER CO. (No. 4016)[1][2]

---

[1] T. D. 48829.
[2] See T. D. 48829, 25 C. C. P. A. (Customs).

United States Court of Customs and Patent Appeals, January 25, 1937

*Joseph R. Jackson*, Assistant Attorney General (*John F. Kavanagh*, special attorney, of counsel), for the United States.
*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for appellees.

[Oral argument December 8, 1936, by Mr. Kavanagh and Mr. J. Stuart Tompkins]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, First Division, holding certain so-called "tanned cow hides" free of duty as leather, not specially provided for, under paragraph 1606 of the Tariff Act of 1922, rather than as bag, strap, or case leather, "finished, in the white or in the crust", at 20 per centum ad valorem under paragraph 1431 of that act, as assessed by the collector at the port of Columbus, Ohio.

The paragraphs in question read as follows:

PAR. 1431. Chamois skins, pianoforte, pianoforte-action, player-piano-action leather, enameled upholstery leather, bag, strap, case, football, and glove leather, finished, in the white or in the crust, and seal, sheep, goat, and calf leather, dressed and finished, other than shoe leather, 20 per centum ad valorem.

PAR. 1606. Leather: All leather not specially provided for; harness, saddles, and saddlery, in sets or parts, except metal parts, finished or unfinished, and not specially provided for; leather cut into shoe uppers, vamps, soles, or other forms suitable for conversion into manufactured articles; and leather shoe laces, finished or unfinished.

On the trial in the court below counsel for appellees offered in evidence the record in the case of *United States* v. *Bosca Reed MacKinnon Co. et al.*, suit 3644, the issues therein presented having been decided by this court in 21 C. C. P. A. (Customs) 358, T. D. 46888.

Counsel for the Government objected to the introduction of that record on several grounds, only four of which we deem it necessary to consider here. They are: First, that the merchandise before the court in that case was not the same as that here involved; second, that the issues were not the same; third, that the whole record in the former case had never been presented either to the trial court or to

this court; and fourth, that rule 25 of the United States Customs Court, providing for the incorporation in evidence of records in previous cases, hereinafter quoted, was invalid because the court was without authority to adopt a rule which would authorize it to admit in evidence records in previous cases over the objection of either party to a suit.

Judge Cline, Associate Judge of the Third Division of the United States Customs Court, before whom the evidence was taken, sustained the objections, stating that, although her decision was subject to review by the division of the court which finally disposed of the issues in the case, she was of opinion that the record ought not to be admitted over objection of counsel. In so stating, the judge said:

> The Third Division has consistently held that a record will not be incorporated over objection, and I so rule here. We will not incorporate records over objection of counsel.

Counsel for appellees submitted considerable evidence tending to establish that the involved leather was not commercially suitable in its imported condition, or after further processing, to be used as bag, strap, or case leather, as those terms are used in paragraph 1431, *supra*, but, on the contrary, subsequent to "tanning", had been so treated and processed as to fit it for use only in the manufacture of pocketbooks and various kinds of leather novelties.

The Government introduced evidence for the purpose of establishing that the involved leather was bag, strap, or case leather, in the crust, and that it was not so processed as to take it out of that class.

In its decision, the trial court, in an opinion by McClelland, P. J., concluded that the record in the case of *United States* v. *Bosca Reed MacKinnon Co. et al.*, *supra*, was proper to be used as evidence in the case at bar, and, therefore, reversed the decision of Judge Cline sustaining the objection to its introduction. The court reviewed the testimony of the witnesses who testified in the case at bar, and said:

> The foregoing testimony being supplemented by that of the seven witnesses whose testimony in support of the claim of the protestant is found in the incorporated record (suit 3644) warrants us in repeating the following from our opinion in that case, T. D. 46142:
>
>> We think, however, that by an unmistakable preponderance in weight, if not volume, the evidence sustains the contentions of the plaintiffs (1) that the leather in issue was from hides of cattle of the bovine species; (2) that it was fully tanned; (3) that, in addition to being so tanned, it was specially further processed to adapt it for use in the manufacture of pocketbooks and various kinds of novelties; and (4) that such treatments in addition to tanning made the leather unsuitable for use in the manufacture of bag, case, or strap leather.
>
> There is testimony in the record which might justify the conclusion that by subjecting the leather in issue to certain additional processes it might be fashioned into bag leather, but it appears absolutely certain that insofar as it has been treated subsequent to the tanning stage it has not been dedicated to use as bag,

case, or strap leather, notwithstanding the testimony of some of the witnesses for the defendant that leather such as Exhibits 1, 2, 3, 4, and 7 *could* be used for the manufacture of bag, case, or strap leather.

The court carefully analyzed the testimony submitted by the Government, and concluded, as it did in the former case, which was affirmed by this court, that the manifest weight of the testimony supported the proposition that the involved merchandise was free of duty as leather, not specially provided for, under paragraph 1606, *supra*, rather than dutiable as bag, strap, or case leather, "finished, in the white or in the crust", under paragraph 1431, *supra*, and, accordingly, sustained the protests.

It is contended by counsel for appellant that the court erred in admitting in evidence the record in the former case, and that its findings on questions of fact are contrary to the weight of the evidence.

The question of the admissibility of records in former cases has been before this court in many instances.

In the case of *United States* v. *Oberle*, 1 Ct. Cust. Appls. 527, T. D. 31545, decided April 24, 1911, this court had before it for consideration rule XXXIV of the Board of General Appraisers (now United States Customs Court), which had been promulgated sometime prior to the trial in that case. The court quoted the rule as follows:

RECORDS IN PREVIOUS TRIALS AS EVIDENCE

XXXIV. Where a question of the classification of imported merchandise *is under consideration for decision* by any one of the boards, and a decision has been previously made involving the classification of goods substantially the same in character, the record and testimony taken in the latter case may, within the discretion of the board, be admitted as evidence in the pending case on motion of either the Government or the importer, or on the board's own order: *Provided,* That either party may have any one or more of the witnesses who testified in such case summoned for reexamination or cross-examination, as the case may be. This rule shall furthermore apply to the printed records which may have been acted on by the courts in case of appeals taken from the decisions of the board.

It will be observed that that rule provided that the record and testimony in a previous case, in which goods of substantially the same character were before the court for classification purposes, might be introduced in a subsequent case, within the discretion of the board, on motion of either of the parties, or on the board's own order, provided, however, that either party should have the opportunity to reexamine or cross-examine, as the case might be, any witness whose testimony was incorporated therein.

In its decision in that case, this court made the following observations:

It will be observed that the right to consolidate records is vested in the board hearing the case conditional upon the fact that either party may have any one or more of the witnesses who testified in such case summoned for reexamination or cross-examination.

We think the rule of the board applied by its very terms to these cases, *and are satisfied from the record that the opportunity of cross-examination required by the rule upon consolidation of the records was not afforded by proper or sufficient notice.* [Italics ours.]

and, accordingly, held that the record there involved was improperly incorporated.

In the case of *United States* v. *Motor Car Equipment Co.*, 3 Ct. Cust. Appls. 77, T. D. 32355, this court again considered the admissibility of a previous record in a case, and held, inferentially at least, that, although counsel who objected to the introduction of the record in the previous case was entitled, under the rule of the trial court, to reexamine or cross-examine, as the case might be, the witnesses who testified in the former trial, there was nothing in the record to indicate that any such request had been made, and that, therefore, the rule had not been violated by the court in its decision. However, the court concluded its decision with the statement that the evidence of record was sufficient to sustain the conclusion reached by the trial court had the record in the incorporated case been excluded.

Again in the case of *United States* v. *American Thermo-Ware Co.*, 4 Ct. Cust. Appls. 21, T. D. 33218, this court considered the introduction of the record in a previous case, and made the following observations:

As the deputy appraiser officially reported that the importation now under consideration was similar to that involved in T. D. 30266, the decision in which was affirmed by this court on appeal—United States *v.* American Thermo-Ware Co. (2 Ct. Cust. Appls., 9; T. D. 31571)—and as the Government admits the correctness of the report we do not see just why we should be expected to give the present importation a different classification from that which we accorded to like merchandise in a prior case on admittedly the same state of facts.

In the case of *Ishida et al.* v. *United States*, 11 Ct. Cust. Appls. 415, T. D. 39431, this court considered a rule similar to the one involved in the case of *United States* v. *Oberle*, *supra*, and held that, in view of the fact that a record in a previous case relative to the issues there involved was introduced in evidence without opportunity by the opposing party to reexamine or cross-examine the witnesses who testified in the prior case, the court below erred in considering such record.

In the case of *United States* v. *M. Minkus*, 16 Ct. Cust. Appls. 263, T. D. 42869, this court had before it rule XXIV of the United States Customs Court. The court's holding is correctly stated in the headnotes which we quote:

1. Rule No. XXIV (T. D. 39312, 42 Treas. Dec. 199)—Construction.
   The provisions of Rule No. XXIV, as adopted and promulgated in T. D. 39312, 42 Treas. Dec. 199, relating to the introduction of the record in a *reappraisement proceeding* as evidence in another reappraisement proceeding where the record includes the testimony of a witness or witnesses, are mandatory. Such record is not admissible, unless and until the witness, on demand by the opposite party, is produced for cross-examination. [Italics not quoted.]

2. SAME.

Validity of rule not passed upon. If valid, it should have been enforced'and the record excluded. If invalid, the record was not admissible since it was not of the kind of evidence enumerated in section 501 of the Tariff Act of 1922.

3. GENERAL LAW OF EVIDENCE—APPLICABILITY.

The "general law of evidence" applicable to the admissibility of evidence taken in a prior trial involving the same parties where the right of cross-examination has been exercised is not applicable to the facts in this case.

4. RULE OF COURT—WAIVER.

A rule of court, mandatory in character, has the force and effect of law. It cannot be waived either by the litigants or by the court if the waiver affects a substantial right.

In the case of *United States* v. *Tausig & Pilcer*, 18 C. C. P. A." (Customs) 421, T. D. 44681, this court again had occasion to consider the rule applicable to reappraisement proceedings, involved in the case of *United States* v. *M. Minkus, supra,* which provided that a record in a previous case might be introduced only in the event that, upon request of the opposing party, the witnesses whose testimony was therein reported might be called for a reexamination or cross-examination, as the case might be, and held that, in view of the fact that the party offering the record in a previous case had failed to establish that the goods involved in the incorporated record were substantially the same as those involved in the case there under consideration, and that the issues did not arise upon the same state of facts, the record in the previous case was improperly admitted in evidence. The court, however, expressly refused to pass upon the validity of the rule of the United States Customs Court there under consideration.

The rule involved in the case of *United States* v. *Oberle, supra,* hereinbefore quoted, or one substantially the same, which provided in classification cases for "reexamination or cross-examination", as the case might be, was in effect from approximately 1910 to 1928, when the United States Customs Court modified it by eliminating the requirement for "reexamination or cross-examination."

Rule 25 of the United States Customs Court, which was in effect at the time of the proceedings in this case, read:

When a question involving substantially the same character of goods, or involving substantially the same issue, arising by protest, appeal, or petition, is under consideration for decision before a judge or division empowered to take testimony, and a decision has been previously made, the record and testimony taken in such case, within the discretion of the court, may be admitted in evidence in the pending case on motion of either plaintiff or defendant, unless objection, which shall be sustained by the court, is made by either party.

This rule shall apply also to the printed record in any case acted upon by the appellate courts on appeals from the decisions of this court.

The court shall not, however, entertain any motion to admit the record in any case unless at least five days' notice of said motion is served on the opposite party, or unless such notice is waived by the opposing party.

It appears affirmatively from the record in the previous case that all of the evidence introduced by the parties, together with the rulings

made thereon, was correctly transcribed. This court, as well as all other courts, accepts a record which is properly certified in a case, unless it is established that such record is erroneous. There is nothing whatsoever in the record now before us to show that the previous record was not accurate and complete. On the contrary, it appears that it was duly authenticated.

The general rule—the "rule of necessity"—authorizes the introduction of records in previous cases where the issues and the parties are the same. That is to say, it permits the introduction of such records only when it is impossible to present the former witnesses for reexamination or cross-examination   See Corpus Juris, Vol. 22, pp. 427, 443, §§ 510 to 534, inclusive.

Although it appears that the "rule of necessity" was not responsible for the rule promulgated by the United States Customs Court, we have no doubt but that the experience of that court over a period of years is sufficient to warrant the application of a modified rule in customs cases.

Commerce, industry, agriculture, finance, and the revenue of the Government depend to a considerable extent upon the proper adjudication of customs cases, and it should be remembered that the rules of practice, procedure, and evidence applicable in such cases may, from necessity, differ in many respects from those prevailing in courts of general jurisdiction. See *United States* v. *Stone & Downer Co.*, 274 U. S. 225, 235.

It is obvious from what has been said that this court, although not expressly approving, never disapproved the rule of the United States Customs Court relative to the introduction of records in previous cases, *so long as that rule incorporated within it the right* of opposing counsel to reexamine or cross-examine any witness whose testimony appeared in the incorporated record.

The rule of the United States Customs Court here under consideration did not provide any such right. We think, therefore, that it should be construed as being applicable only in cases where the parties to the pending suit were parties in the previous case, and where the merchandise is substantially the same and the issues are precisely the same, as in the case at bar.

We do not intend to be understood as holding that rule 25, *supra*, is applicable where the party who objects to the introduction of a record in a previous case was not a party to the former suit. Although such a statement is not necessary to our conclusion in this case, it would seem that, in such case, the party who opposes the introduction of the record in the previous case should be afforded the opportunity to examine or cross-examine the witnesses whose testimony is incorporated in that record.

However, in the incorporated record here under consideration the appellees, with the exception of two who are not here involved, were the same, the appellant was the same, the merchandise substantially the same, and the issues precisely the same as in the case at bar.

Accordingly, we are of opinion that the Government was not prejudiced by the admission in evidence of the record in the case of *United States* v. *Bosca Reed MacKinnon Co. et al.*, *supra;* that the evidence in that record, and the additional evidence in the present record, supports the claim made by counsel for appellees, that is, that the merchandise here involved has been so treated and processed, subsequent to "tanning", that it is fit for use only in the manufacture of pocketbooks and various kinds of leather novelties, and is not suitable for use as bag, strap, or case leather, as those terms are used in paragraph 1431, *supra;* and that the trial court reached the right conclusion.

For the reasons stated, the judgment is *affirmed.*