AKAWO, MORIMURA & Co. *v.* UNITED STATES (No. 1563).[1]

1. STRAW MATS SEWN WITH COTTON—CONSTRUCTION.
   Paragraph 272, tariff act of 1913, provides clearly and without ambiguity for mats and rugs having a warp of cotton, etc., and nothing appears which would warrant the court in rejecting the plain meaning of the language used and making search for some other signification. The mats here were not woven and had no warp, but were made of braids of straw sewn together with cotton. *Held,* that they did not fall within the provisions of paragraph 272, but were properly assessed at 25 per cent ad valorem under paragraph 368.

2. LEGISLATIVE HISTORY—REPORT OF FINANCE COMMITTEE.
   Even if it were permissible in this case to resort to the legislative history of the provision for aid in interpretation, there is nothing in the report of the Finance Committee of the Senate relied on by importers which would justify a conclusion different from that which the reading of the provision imposes.

United States Court of Customs Appeals, November 19, 1915.

APPEAL from Board of United States General Appraisers, G. A. 7724 (T. D. 35384).

[Affirmed.]

*B. A. Levett* for appellants.
*Bert Hanson,* Assistant Attorney General, for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Mats made of braids of straw, sewn together with cotton, were classified by the collector of customs at the port of New York as manufactures of straw not specially provided for and assessed for

---

[1] Reported in T. D. 35921 (29 Treas. Dec., 584).

duty at 25 per cent ad valorem under that part of paragraph 368 of the tariff act of 1913 which reads as follows:

368. Manufactures of bone, chip, grass, * * * or of which any of them is the component material of chief value not otherwise specially provided for in this section, shall be subject to the following rates: Manufactures of * * * grass, straw, and weeds, 25 per centum ad valorem.

The importers claimed that the goods so classified and assessed for duty by the collector were dutiable as mats or rugs of straw at the rate of 2½ cents per square yard under the provisions of paragraph 272 of said act, which said paragraph reads as follows:

272. Floor mattings, plain, fancy, or figured, including mats and rugs, manufactured from straw, round or split, or other vegetable substances, not otherwise provided for in this section, and having a warp of cotton, hemp, or other vegetable substances, including what are commonly known as China, Japan, and India straw matting, 2½ cents per square yard.

The Board of General Appraisers overruled the protest and the importers appealed.

As appears from the exhibit in evidence the goods the classification of which is in dispute are not woven and have no warp of cotton, hemp, or other vegetable substance. That fact takes the merchandise out of the operation of paragraph 272 unless it be held that the phrase " and having a warp of cotton, hemp, or other vegetable substances " relates to floor mattings and not to mats and rugs.

In support of the appeal attention is called to the fact that paragraph 343 of the tariff act of 1909, the prototype of the paragraph under which the goods were assessed, did not provide for mats or rugs, and that the qualifying words " having a warp of cotton, hemp, or other vegetable substances," referred to floor matting in the earlier provision. With that as a starting point, learned counsel for the appellants argues that when paragraph 343 was amended by paragraph 272 so as to include mats and rugs, there was no intention on the part of Congress to limit the operation of the amendment to mats and rugs *having a warp*, and that the insertion of the amendment in such a way as to make it *literally* subject to the restriction originally applicable to floor matting was an inadvertence. In answer to that argument we think it sufficient to say that we can find nothing in the case which affords the slightest ground for believing that paragraph 272 was inadvertently worded. Neither is it apparent that the restriction as it was applied in paragraph 343 has any such controlling force as would warrant us in ignoring its plain application in paragraph 272. It may be that Congress did intend that paragraph 272 should cover all mats and rugs of straw whether with or without a warp, and possibly that purpose was inadvertently defeated through the misplacing of the enumeration. The saying of that, however, amounts to nothing more than the expres-

sion of a mere surmise or speculation, and surmise and speculation can not be permitted to controvert or nullify the obvious meaning of the language which Congress actually employed to express the legislative will.

As counsel for the importers aptly puts it, the intent of the lawmaker is the law, but to ascertain that intent courts are bound to have recourse first to the words of the law, and if their meaning be clear and unambiguous there is no sound reason why that meaning should be rejected and a search diligently made for some signification other than that which has been clearly expressed. Of course, if, as importers contend, a literal interpretation would necessarily lead to an absurd result, it might well be doubted whether the real intention of the lawmaking power was expressed by the language used, and under such circumstances other aids than the terms of the law might be invoked to ascertain the congressional intent. But does an absurd result follow a literal interpretation of the statute in this case? We think not. The most that can be said is that in consequence of a literal interpretation mats and rugs with a warp will be made to bear in the pending issue a lesser rate of duty than that imposed on mats and rugs without a warp. That, however, is a discrimination which Congress had a right to make, and which can hardly be regarded as an absurdity. If by reason of its ambiguity, uncertainty, inconsistency, or some other defect the provision here involved left us in doubt as to its scope, such a discrimination might possibly be given some weight in reaching a decision, but certainly by itself it can not be considered as sufficient to create the doubt or to justify a finding that the language used does not mean what it clearly imports. Even if the provision left us uncertain as to its real meaning and true intention, and it were permissible for us to consider the legislative history of the paragraph in order to determine its real purpose, there is nothing in the report of the Finance Committee of the Senate relied upon by importers which would lead us to a conclusion different from that which the reading of the provision itself imposes. Indeed, the following comment cited from the Notes on Tariff Revision by the appellants in support of the protest leaves no doubt, in our opinion, that the Finance Committee of the Senate intended to include in the paragraph only those mats and rugs which were of the *same character* as the straw matting enumerated in paragraph 343 of the act of 1909, and not mats and rugs of straw in general:

1909—Paragraph 343:

This paragraph, which originally provided only for straw matting, has been amended so as to include mats and rugs of the same character. Such articles are dutiable under the present law as manufactures of straw at 35 per cent.

We think that the provision for "floor mattings, * * * including mats and rugs manufactured from straw, * * * and having a warp of cotton, hemp, or other vegetable substances," covers only such floor mattings, mats, and rugs as have the designated warp, and that, therefore, mats and rugs without any warp at all are not within the scope of paragraph 272.

The decision of the Board of General Appraisers is *affirmed*.