**SHANNON LUMINOUS MATERIAL COMPANY**

v.

**UNITED STATES.**

**C.R.D. 72–21; Court Nos. R70/5047 to R70/5049, and R70/5052 to R70/5054.**

United States Customs Court.

Oct. 20, 1972.

Glad & Tuttle, San Francisco, Cal. (Edward N. Glad, San Francisco, Cal., of counsel), for plaintiff.

Harlington Wood, Jr., Washington, D. C., Herbert P. Larsen, New York City, trial attorney, for defendant.

## OPINION ON CONTESTED VENUE FOR TRIAL

BOE, Chief Judge:

In the instant case defendant has filed a Notice of Trial pursuant to rule 9.1(a) of the rules of this court requesting that trial of said action be held in New York City. The plaintiff, in its response thereto, has requested that trial be held at Los Angeles, California, the port of entry of the merchandise in question. In support of its contention the plaintiff asserts that it has a "constitutional right" to a trial at the port of importation and urges that to require the plaintiff to try this action elsewhere would made a "mockery" of the right and guarantee with which it has been invested.

In view of the fact that this question has not been considered nor decided since the enactment of the Customs Courts Act of 1970 (Public Law 91–271), nor since the adoption of the Rules of the United States Customs Court, effective October 1, 1970, it is deemed appropriate that a definitive determination be made as to the rights of the parties in connection with contested venue requests of the character here presented.

■ It would be without purpose to indulge in further discussion other than to unequivocally state that no guarantee is contained in nor implied by any provision of the Constitution of the United States, granting to a party litigant, in an action of this character, the inherent right to the venue as sought by the plaintiff. In so stating this court is not unaware of the dictum contained in the case of Manuel Ubach v. United States, 3514 Reap.Circ. 12, Reap. No. 34927 (1924).

■■ On the contrary, by virtue of the long-established doctrine of sovereign immunity, it is well established that suit may be instituted against the United States only by a waiver of such immunity and a consent by specific congressional authority. United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L. Ed. 888 (1940). When so authorized, such suits against the Government must be brought in the forum and upon such terms and conditions as may be prescribed by statute. Nichols v. United States, 74 U.S. (7 Wall.) 122, 19 L.Ed. 125 (1869); Magnus v. United States, 234 F.2d 673 (1956).

In the exercise of its power to provide for the collection of revenue, as well as to provide for specific remedies for acts of injustice that may have resulted to the payer of customs duties, the Congress of the United States enacted the Customs Administrative Act of 1890 (26 Stat. 131). No statutory right to a trial at a port of entry was given by this initial act to a party litigant. Discretionary authority to make venue determinations, instead, was granted to the Secretary of the Treasury. Such discretionary authority continued to be vested in the Secretary of the Treasury by subsequent modifying legislation enacted by the Congress in 1903 and 1908.

In the tariff act enacted in 1909 the Congress created the United States Court of Customs Appeals and gave to this judicial body exclusive jurisdiction to review final decisions of the Board of General Appraisers (36 Stat. 106), which had been designated by previous legislative enactments, aforecited, to determine the respective rights of the parties in the appraisement and collection of duty upon imports to this country. It will be noted, however, that section 12 of said act (36 Stat. 98) removed the authority of the Secretary of the Treasury to designate the port at which cases might be tried and invested such discretionary authority in the President of the Board of General Appraisers. Similar provisions granting to the President of the Board of General Appraisers the discretionary authority to assign cases for hearing and to designate the port at which a trial of a case should be heard

were retained in the subsequent tariff acts enacted in 1913 and 1922.

By legislative act in 1926 (44 Stat. 669), the Congress created the United States Customs Court and designated the members thereof as chief justice (chief judge) and associate justices. It was specifically provided, however, that the jurisdictional powers and duties with which the Board of General Appraisers had been empowered under prior legislative enactments were vested in the newly created United States Customs Court and the members thereof.

The tariff act enacted by the Congress in 1930 empowered the Chief Judge of the United States Custom Court with discretionary authority to assign and reassign cases, promulgate dockets and to designate judges to proceed and hear cases at any port (46 Stat. 737–738). The rules adopted by the court in 1930, pursuant to the provisions of the Tariff Act of 1930, described, with particularity, the statutory authority of the "presiding judge" with respect to the trial of cases other than in New York City. Rule 8 provided in part as follows:

"Calendars for the trial of issues at places other than New York shall be called at such ports as may be designated by the presiding judge. The presiding judge shall have prepared and promulgated for each calendar year a list of the ports and the dates on which such hearings will be held."

The provisions of the Tariff Act of 1930, afore-referred to, were substantially reenacted as a part of title 28 of the United States Code (1948 revision). Section 253 thereof authorized the chief judge to:

" * * * assign or reassign, before trial and under rules of the court, any case for hearing, determination, or both; and promulgate dockets."

Section 254 thereof authorized the chief judge to:

" * * * designate a judge or a division and necessary clerical assistance to proceed to any port within the jurisdiction of the United States to hear or to hear and determine cases assigned for hearing at such port."

The statutory provisions, hereinbefore referred to, were further implemented by the United States Customs Court by the adoption of additional rules of the court in 1949. Rule 3(m) thereof provided as follows:

"Trial terms at places other than New York shall be held at such ports as may be designated by the chief judge. The chief judge shall have prepared and promulgated for each calendar year a list of the ports and the dates on which such hearings will be held, together with the names of the judges assigned to conduct such hearings."

This rule remained in effect until the enactment of the Customs Courts Act of 1970 (84 Stat. 274) and the present rules of the court adopted in compliance therewith, which became effective October 1, 1970.

Although the historical references, afore-referred to, may be more exhaustive and time-consuming than might be required for a determination of the question at issue, it has been the intention of this court in making such a review to correct the apparent misinterpretations and misconceptions which have been prevalent with respect to the construction of the statutes and rules which existed prior to the present United States Customs Courts Act of 1970. It is patently evident and clear, from an examination and consideration of the legislative history of the present United States Customs Court, that the determination of the venue of an action was not vested in a party litigant as a constitutional right, and that it was not the intent of the Congress to confer upon any party litigant a statutory right to make such a venue determination. On the contrary, it is evident and clear from the statutes, afore-referred to, that the determination as to the venue of any action lay within the discretionary power of the board or court and the designated presiding officer or judge thereof.

■ The plaintiff, in support of its contention that it has a "constitutional right" to select the venue of the cause of action in which it may be a party litigant, has cited several Customs Court decisions. This court fails to find that these cases serve as authority for plaintiff's contention.

In Geo. S. Bush & Co., Inc., et al. v. United States, 22 Cust.Ct. 158, C.D. 1175 (1949), cited by plaintiff, the question at issue related not to the matter of venue—the situs where the case was to be tried—but whether an action to be tried at a port other than New York should be tried, under the then existing statute, by a single judge or a division of three judges. In referring to the then existing statute, the court stated:

"By the provisions of 28 U.S.C. (1948 revision) sec. 254, and its predecessor, 28 U.S.C. 1946 ed., sec. 296, the chief judge was empowered to—

'* * * designate a judge or a division * * * to proceed to any port within the jurisdiction of the United States * * *.'

"By the express terms of the foregoing statutory provisions, the former presiding and now chief judge was given a power of discretion to designate either a single judge or a division of three judges to proceed to any port. The then presiding judge having exercised the discretion to send a single judge to the port of Seattle, such discretion may not be reviewed or challenged in this or in any other court, there being no showing that the designation of the single judge was not in conformity with law. Martin v. Mott, 12 Wheat. 19, 25 U.S. 32, [19] 6 L.Ed. 537." 22 Cust.Ct. at 167.

■ The cases of United States v. Jaehne, 8 Ct.Cust.Appls. 307, T.D. 37585 (1918), and United States v. Rothschild & Co., 3 Ct.Cust.Appls. 251, T.D. 32566 (1912), cited by plaintiff, likewise are in no manner supportive of plaintiff's contention. At the time the aforesaid cases were determined, the rules of pro-cedure and practice adopted by the Board of General Appraisers provided that regular dockets would be held at several specified ports of entry. In each of the above-cited cases the Court of Customs Appeals held that the failure to docket and try a case at the port of entry specified in the rules of the board, and at which regular hearings were scheduled, constituted a reversible error. The afore-quoted decisions support the well-established principle that a court must abide by its own rules and may not abrogate them, if to do so would affect the substantial right of a litigant. United States v. M. Minkus, 16 Ct.Cust. Appls. 263, T.D. 42869 (1928).

■ The Court of Customs Appeals has recognized the discretionary power of the Chief Judge of the Customs Court to determine the venue of an action. In the case of United States v. Enrique Vidal Sanchez, 15 Ct.Cust.Appls. 443, T.D. 42642 (1928), the Government, in part, contended the trial court erred in refusing to grant its motion for a continuance and to transfer the case at the close of the testimony to San Juan, Puerto Rico, the port of importation. The appellate court in finding that no error was committed by the denial to transfer stated:

"In making this motion, no showing was made by the Government as to what witnesses were available at Porto Rico, or as to the evidence which it was hoped or expected to obtain from them. It is practically the universal practice to require such a showing." 15 Ct.Cust.Appls. at 447.

The appellate court further found in the *Sanchez* case that under the statute and rules of practice that existed, in order to transfer a pending reappraisement hearing to some port other than that specified in the original assignment, an order must be made by the chief justice (chief judge) of the Customs Court. Again, in finding that no error existed in the refusal or failure to order such a transfer, the court stated that before the Government could complain, it must show af-

firmatively that it had applied to the chief justice (chief judge) for the transfer. The court of appeals stated:

"The business of the Customs Court is so extensive that disorder and inefficiency would quickly result if assignment of cases and places of hearing were not constantly within the control of some centralized authority within that court." *Id.* at 448.

The principle set forth by the Court of Customs Appeals in the *Sanchez* case, *supra*, was affirmed by that court in the subsequent case of United States v. Kleberg & Co., Inc., et al., 25 CCPA 142, T. D. 49256 (1937).

The intent of the Congress of the United States in connection with the question at issue has been even more clearly defined by the enactment of the Customs Courts Act of 1970 (Public Law 91–271). Section 253 of Title 28 of the United States Code, as amended by said act, provides in part as follows:

"(b) The chief judge shall promulgate dockets.

"(c) The chief judge, under rules of the court, may designate any judge or judges of the court to try any case and, when the circumstances so warrant, reassign the case to another judge or judges."

Section 256 thereof provides in part as follows:

"(a) The chief judge may designate any judge or judges of the court to proceed, together with necessary assistance, to any port or to any place within the jurisdiction of the United States to preside at a trial or hearing at the port or place."

The Rules of the United States Customs Court, which became effective October 1, 1970, reemphasize the functions, duties and responsibilities of the chief judge imposed by statute—in particular, the authority to determine the venue of cases to be tried before this court.

Rule 2.2(a) of the present rules of this court provides:

"(a) *In the United States:* An action shall be assigned by the chief judge to a judge or judges for purposes of trial, evidentiary hearing, or oral argument of a dispositive motion, at such time and in such place as the chief judge may designate in accordance with the provisions of 28 U.S.C. § 256(a)."

In order that the chief judge may make a proper determination as to the time and place of trial of any action, the rules have wisely provided for the submission of certain information by the litigating parties.

Rule 9.1(a) provides that either party to an action may serve upon the opposing party a Notice of Trial at any time after issue has been joined.

Rule 9.1(b) provides for form and contents that should be incorporated in said Notice of Trial.

Rule 9.1(b)(3) requires the information and reasons which must accompany the party's request for his venue preference and time designation.

Rule 9.1(d) provides for the response that may be made by the opposing party to the venue and the designated time requested in the original Notice of Trial. In the event the opposing party has an objection to the place or date originally requested in the Notice of Trial, he, in turn, is required by the afore-cited rule to:

"* * * file a request showing the other place where, or the other date when, he would prefer the trial to be held, together with a statement of the reasons for the request."

█ When a party to an action requests that the trial be held at a port other than New York, the determination is made by the chief judge consistent with his statutory responsibility (28 U.S.C. § 256(a); rule 2.2(a)). When neither party has requested a trial at a port other than New York, the determination of the time and date of said trial thereat shall be made by the trial judge

to whom the action has been assigned by the chief judge.

■ Where a request is made to adjourn a case, which has been commenced in one place, to take additional evidence at a different time and place, rule 9.1(f) provides that such a determination may be made by the court, "in its discretion, for good cause shown." Whether such good cause has been shown in a request for an adjournment of an action is a matter for the trial judge to determine predicated upon pertinent information submitted by the requesting party. If an adjournment is granted and a transfer is requested to the port of New York for the taking of additional evidence, the trial judge shall designate the date and time as to the resumption of the trial or hearing thereat. If, on the other hand, an adjournment is granted by the trial judge, and a request is made for a transfer to take additional evidence at a port other than New York, a new date for the resumption of the trial as well as a new location for the continuation of said trial shall be determined by the chief judge, consistent with the statutory provisions heretofore referred to.

■ In the matter presently before this court, the defendant, in support of its request for a trial at New York, has stated that its witnesses are located in or near New York. The defendant has likewise stated, as a reason for its request, that the issue presented by the plaintiff concerns the true and correct "American selling price" of an article manufactured in the United States and that with respect to the particular products involved, the customs officers at the port of New York have nationwide responsibility. It is further asserted that the American manufacturer of a similar competitive product is also situated in New .York.

The plaintiff in its objection to defendant's request for a trial at the port of New York, on the contrary, has submitted no information or reasons in support of its request for a trial at Los Angles, California, except to assert a "constitutional right" to a trial at that port of entry. No information is contained in plaintiff's response with respect to the number or character of witnesses which it may require, the availability of the same or the character of the evidence which it hoped or expected to obtain from them.

■ It has long been the practice of this court to provide an accessible forum to a party litigant who finds it burdensome and impractical to try his action at a place other than the port of importation. This court, however, would be guilty of an abuse of discretion were it to accede to the request of the plaintiff as to the venue of this action in the absence of any information or reasons having been stated in conformity with the rules of this court (rule 9.1).

Accordingly, the defendant's request to have the above entitled action tried in New York, New York is granted, and plaintiff's request for trial at Los Angeles, California is denied. The plaintiff, however, is granted leave to move for a transfer of the trial of this action to Los Angeles, California upon a proper application and showing consistent with the requirements described in this decision.

The judge to whom this action has been assigned for trial by prior order of this court shall fix and determine the time of trial of said action in New York City.

An order will be entered accordingly.