(C.R.D. 73–1)

Shannon Luminous Material Company *v.* United States

Court Nos. R70/5047, R70/5048, R70/5049,
R70/5052, R70/5053 and R70/5054

(Dated January 5, 1973)

*Glad & Tuttle* (*Edward N. Glad* of counsel) for the plaintiff.
*Harlington Wood, Jr.*, Assistant Attorney General (*Herbert P. Larsen*, trial attorney), for the defendant.

Boe, Chief Judge: Pursuant to rule 12.1 of this court, plaintiff has filed a motion for rehearing of the prior order entered by this court in the above-entitled action on the 20th day of October, 1972 (see opinion relating thereto, C.R.D. 72–21). In so doing, plaintiff seeks to have the order of this court amended to include a statement "* * * that a controlling question of law is involved as to which there is substantial ground for difference of opinion and that an immediate appeal from an order may materially advance the ultimate determination of the litigation * * *." Rule 13.2(a).

The motion of the plaintiff is deemed groundless and untenable and, accordingly, does not merit extended comment. The issue decided in the prior order of this court relating to the question of contested venue does not constitute a "controlling question of law" which might serve to justify an interlocutory appeal as contemplated by rule 13.2. Nor can this court concur in the reasoning of the plaintiff supporting its contention "* * * that an immediate appeal from the order may materially advance the ultimate determination of the litigation * * *." If the final decision of the trial judge in the above-entitled action should prove to be of such a nature that the plaintiff might wish to perfect an appeal therefrom, the question presently sought by the plaintiff to be the subject of an interlocutory appeal might well

319

be included in a final appeal at the later date without incurring the inevitable delay resulting from an interlocutory appeal as to the single issue.

For the first time the plaintiff submits in the supporting affidavits to its present motion specific reasons, as required by rule 9.1(d), for requesting trial at the port of entry, Los Angeles, California. This court in its prior opinion under date of October 20, 1972 stated:

> "The plaintiff in its objection to defendant's request for a trial at the port of New York, on the contrary, has submitted no information or reasons in support of its request for a trial at Los Angeles, California, except to assert a 'constitutional right' to a trial at that port of entry. No information is contained in plaintiff's response with respect to the number or character of witnesses which it may require, the availability of the same or the character of the evidence which it hoped or expected to obtain from them.

> "It has long been the practice of this court to provide an accessible forum to a party litigant who finds it burdensome and impractical to try his action at a place other than the port of importation. This court, however, would be guilty of an abuse of discretion were it to accede to the request of the plaintiff as to the venue of this action in the absence of any information or reasons having been stated in conformity with the rules of this court (rule 9.1)."

Had the plaintiff provided the information required by rule 9.1(d) in its original objection to defendant's notice of trial, this court would have been in possession of facts which would have enabled it to place the venue of this cause of action at a location or locations which would be the least burdensome to each of the respective parties.

It is hoped that all party litigants ultimately will achieve the realization and appreciation that rules of court are adopted not only to provide a uniform and orderly manner of judicial practice and procedure, but also to provide the court with information from which it may make its determinations and orders. Only through such an understanding can the delays, resulting in part from an apparent disregard or unwillingness to follow the requirements of the rules of court, be avoided.

Accordingly, the motion of the plaintiff for a rehearing of the order made and entered by this court on October 20, 1972, is denied.

In view, however, of the information which the plaintiff has now provided with respect to the availability of witnesses in Los Angeles, California, who are essential and necessary to the presentation of plaintiff's cause of action, this court will enter a supplemental order fixing a date and time for the presentation of plaintiff's testimony at Los Angeles, California, and reserving unto the defendant at the completion of plaintiff's testimony the right to move for a transfer of this

cause of action to New York, New York for the presentation of its evidence, subject to the sound discretion of the trial judge.

Let an order be entered accordingly.