**H. ROSENTHAL CO.**

v.

**UNITED STATES.**

**C.D. 4769; Court No. 75–1–00214.**

United States Customs Court.

Sept. 27, 1978.

O'Connor & Hannan, Michael Patrick George, Washington, D. C., for plaintiff.

Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., Alan L. Langus and Sidney H. Kuflik, Trial Attys., New York City, for defendant.

FORD, Judge:

Plaintiff by this action is contesting the classification and consequent assessment of duty on men's and boys' quilted snorkel parkas. These items were classified by Customs as "other men's or boys' wearing apparel, not ornamented" under item 380.84 of the Tariff Schedules of the United States and assessed with duty at the rate of 25¢ per pound plus 27.5% ad valorem.

The merchandise is claimed to be subject to duty at 16.5% ad valorem under the provisions for garments designed for rainwear which are coated or filled as set forth in item 376.56 of the Tariff Schedules of the United States.

The pertinent statutory provisions of the Tariff Schedules of the United States read as follows:

Classified under:

Schedule 3, Part 6, Subpart F

Other men's or boys' wearing apparel, not ornamented:

\* \* \* \* \* \* \* \*

Of man-made fibers:

\* \* \* \* \* \* \* \*

380.84    Not Knit . . . . . . . . . . . . . . . 25¢ per lb. +
27.5% ad val.

Claimed under:

Schedule 3, Part 4, Subpart C, Headnote 2(a)

2.   For the purposes of the tariff schedules—

(a) the term "coated or filled", as used with reference to textile fabrics and other textile articles, means that any such fabric or other article has been coated or filled (whether or not impregnated) with gums, starches, pastes, clays, plastics materials, rubber, flock, or other substances, so as to visibly and significantly affect the surface or surfaces thereof otherwise than by change in color, whether or not the color has been changed thereby;

Schedule 3, Part 6, Subpart D

Garments designed for rainwear, hunting, fishing, or similar uses, wholly or almost wholly of fabrics which are coated or filled or laminated, with rubber or plastics, which (after applying headnote 5 of schedule 3) are regarded as textile materials:

\* \* \* \* \* \* \* \*

376.56   Other . . . . . . . . . . . . . . . . . . . . . 16.5% ad val.

The record consists of the testimony of six witnesses (one being a deposition of Mr. Odean A. Olsen, an import specialist), and the receipt in evidence of 19 exhibits on behalf of plaintiff. Defendant presented the testimony of two witnesses and there were received on its behalf six exhibits.

The evidence adduced and the argument presented by defendant that the coating applied to the fabric, of which the parkas are made, must be visible to the naked eye and not with the use of a microscope, is misplaced. Based upon the testimony of Dr. Rommel, the director of the Chicago regional laboratory, it would appear that such is Customs' interpretation of the tariff term "coated" as indicated by the following testimony:

[MR. GEORGE] Q.   Therefore, would you say that, putting that film on that fabric had a visible effect on the fabric?

[DR. ROMMEL] A.   Yes, it does have a visible effect, but that is not what the headnote has been interpreted to be meant.

There appears to be no doubt that the imported merchandise is waterproof and has a coating, as indicated in the customs' laboratory report, plaintiff's exhibit 19, and would fall within the purview of item 376.-56 supra if coated or filled within the definition contained in schedule 3, part 4, subpart C, headnote 2(a). The language of said headnote does not relate to whether the coating or filling is visible either to the naked eye or with the assistance of a microscope, but whether said coating or filling visibly and significantly affects the surface or surfaces. Accordingly, it matters not that the coating or filling cannot be seen by ocular inspection. The statutory requisites relate to the effect on the surface or surfaces and whether it is visible and significant.

In the case of *Kaplan Products & Textiles, Inc. v. United States*, 70 Cust.Ct. 166, C.D. 4425 (1973), certain cotton suede cloth which had been waterproofed was held not to be coated within the meaning of headnote 2(a) of schedule 3, part 4, subpart C of the tariff schedules, *supra*. The court in arriving at its conclusion made the following observation:

While the hydrophobic effect of the finish is readily apparent when water is

sprinkled on the treated suede fabric, the finish itself is transparent. As plaintiff's expert witness explained (R. 41–42):

> * * * In the instance of the water repellent fabric, you cannot see it with the naked eye; you can only see the effect of it. In fact, you cannot see it with a visual microscope. The coating is that finite. It is almost monomolecular in consistence on the surface of the cotton fiber.

Thus, the water-repellent finish used on the fabric in issue leaves the material unchanged in appearance from cotton suede fabric which has not been so treated.

> *     *     *     *     *     *

As used with reference to textile fabrics, headnote 2(a) specifies that the "term 'coated or filled' * * * means that any such fabric * * * has been coated or filled * * * so as to visibly and significantly affect the surface or surfaces thereof otherwise than by change in color whether or not the color has been changed thereby."

As we construe this headnote, whether or not a textile fabric comes within its purview does not depend on the characteristics of the fabric with coating or on its intended use. Thus, the fact that the coating may render the cloth rot proof, vermin proof, water repellent or waterproof is immaterial. Rather, under the criteria set out in the definition, the fabric must be coated with a substance which will "visibly" affect the surface of the cloth. In short, if the surface has not been "visibly" affected, the textile is not "coated".

It is quite true that the water-repellent finish has significantly affected the surfaces of the imported cotton suede fibers by making them hydrophobic; however, it is manifest from the testimonial evidence and exhibits that the finish has not visibly affected the surface of the fabric —indeed, the "coating" is undetectable not only to the naked eye but also under the microscope. In other words, the fact that the finish creates a water-repellent surface is entirely immaterial in the absence of any visible affect thereon. Accordingly, the imported cloth is not "coated" as that term is defined in headnote 2(a). [Emphasis quoted.]

The court is in agreement with the above interpretation of the headnote. However, the Kaplan decision is not controlling in the instant case. In the case at bar Dr. Rommel, called on behalf of defendant, testified the effect of the coating is visible to the naked eye. Mr. Lavoie, an import specialist, also called on behalf of defendant, testified that exhibit 2 felt stiffer. The district director, Ms. Maki, called on behalf of plaintiff while admittedly not a classification expert, testified that exhibit 2 seemed stiffer than exhibit 3. Mr. Rosenthal also testified that exhibit 2 was stiffer, heavier, and did not have frayed edges. Mr. Biedler testified that exhibit 2 was stiffer and did not have ragged edges. Defendant contends stiffness is not a visible sense, but one of feel. The court has examined exhibits 2 and 3 which are representative of the material involved. Exhibits 2 and 3 are cut from the same bolt of material, but exhibit 2 has been coated and exhibit 3 has not. The appearance of stiffness, visibly and not by feel, is quite apparent to the court. Based upon the record and the court's own examination of the material used in the manufacture of the imported parkas, the court is of the opinion that said merchandise is coated within the purview of the controlling headnote, and as such properly subject to classification under item 376.56 supra, as claimed.

In view of the foregoing the issue of equitable estoppel raised by plaintiff is moot. Judgment will be entered accordingly.