**The UNITED STATES, Appellant,**

v.

**H. ROSENTHAL CO., Appellee.**

**Appeal No. 79–7.**

United States Court of Customs
and Patent Appeals.

Nov. 15, 1979.

Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., David M. Cohen, Director, Customs Litigation Branch, Joseph I. Liebman, Field Office for Customs Litigation, Sidney H. Kuflik, New York City, for appellant.

Howard G. Feldman, Washington, D. C., attorney of record for H. Rosenthal Co., appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, MILLER and NEWMAN,* Judges.

MARKEY, Chief Judge.

The Government appeals from the judgment of the United States Customs Court, 460 F.Supp. 1246, 81 Cust.Ct. 77, C.D. 4769 (1978), sustaining H. Rosenthal Co.'s (Rosenthal's) classification protest relating to imported men's and boy's parkas. Judge Morgan Ford held that proper classification was under item 376.56,[1] TSUS, as "coated rainwear." We affirm.

### Background

The parkas, imported from South Korea in August, 1973, were made from nylon

fabric coated with a waterproofing acrylic polymer. Invisible to the unaided eye, the coating is visible under a microscope at 35x magnification.

The Customs Service classified the parkas under TSUS item 380.84 [2] as "other men's or boy's wearing apparel." Rosenthal advanced a claim of proper classification under TSUS item 376.56 as "coated rainwear." Rosenthal also argued that the government should be equitably estopped from classifying the parkas under TSUS item 380.84 because of actions taken and advice given by Customs Service employees.

Judge Ford held that the definition of coated fabric in headnote 2(a) of TSUS schedule 3, Part 4, Subpart C [3] requires the coating to visibly and significantly affect the surface of the fabric, and that visibility of the coating itself to the unaided eye is irrelevant for purposes of classification under head note 2(a). The government conceded that the acrylic polymer treatment had a "substantial" affect on the fabric. Judge Ford found the fabric surface to have been visibly affected by the coating and held that the test of headnote 2(a) was thus satisfied.

### Issues

█ The dispositive issue is whether headnote 2(a) requires that a fabric coating

---

* The Honorable Bernard Newman, Judge, United States Customs Court, sitting by designation.

1. Schedule 3, Part 6, Subpart D

 Garments designed for rainwear, hunting, fishing, or similar uses, wholly or almost wholly of fabrics which are coated or filled, or laminated, with rubber or plastics, which (after applying headnote 5 of schedule 3) are regarded as textile materials:

 \* \* \* \* \* \* \*

 376.56 Other . . . . . . . . . . 16.5% ad valorem

2. Schedule 3, Part 6, Subpart F

 Other men's or boy's wearing apparel, not ornamented:

 \* \* \* \* \* \* \*

 Of man-made fibers:

 \* \* \* \* \* \* \*

 380.84 Not Knit . . . . . . . . 25¢ per lb. + 27.5% ad valorem

3. Schedule 3, Part 4, Subpart C.
 Headnote 2. For the purpose of the tariff schedules—
 (a) the term "coated or filled", as used with reference to textile fabrics and other textile articles, means that any such fabric or other article has been coated or filled (whether or not impregnated) with gums, starches, pastes, clays, plastics materials, rubber, flock, or other substances, so as to visibly and significantly affect the surface or surfaces thereof otherwise than by change in color, whether or not the color has been changed thereby;

 \* \* \* \* \* \*

be *per se* visible to the unaided eye before a fabric may be classified as coated.[4]

## OPINION

The government argues that the appealed judgment: (1) conflicts with precedent; (2) conflicts with legislative history; and (3) fixes an administratively inconvenient definition for coated fabric.

### (1) *Precedent*

◼ The government cites *United States v. Pinney, Cases & Lakey Co.,* 105 F. 934 (2nd Cir. 1900), and *Kaplan Products & Textiles, Inc. v. United States,* 70 Cust.Ct. 166, C.D. 4425 (1973), as authority for its assertion that the coating itself must be visible to meet the requirements of headnote 2(a).

In *Pinney,* the fabric was cotton cloth, classified by the government as "filled." The court held that fabric was filled if the interstices between the fabric threads were substantially closed by the introduction of various kinds of inorganic matter. The test was "inspection or examination by unaided eyesight." *Id.* at 937. Nothing in *Pinney* concerned use of a visual inspection test to determine whether a fabric was "coated." The statutory language, "coated or filled," being in the disjunctive, no requirement exists to employ the same test for "coated" as for "filled." *Pinney* is simply irrelevant here.

The fabric in *Kaplan* was cotton suede, treated to render it water-repellant. The question was whether the treatment produced a coated fabric under headnote 2(a). Finding an untreated fabric sample visually indistinguishable from a treated sample, the court held that to qualify under headnote 2(a) "the fabric must be coated with a substance which will '*visibly*' affect the sur-

face of the cloth." *Kaplan Products & Textiles, Inc. v. United States, supra* at 169 (emphasis the court's). We agree with Judge Ford's view that the test in *Kaplan* was not whether the *coating* is visible, but whether the *fabric surface* is visibly affected.

### (2) *Legislative History*

◼ Legislative intent is determined, in the first instance, by reference to the statutory language, presumably used in its normal sense. *John S. James a/c The Consolidated Packaging Corp. v. United States,* 48 CCPA 75, C.A.D. 768 (1961); *United States v. British Cars & Parts, Inc.,* 47 CCPA 114, C.A.D. 741 (1960). If the statutory language is clear and unambiguous, there is no reason to reject its meaning and search for another. *Akawo, Morimura & Co. v. United States,* 6 Ct.Cust.Appls. 379, 381, T.D. 35921 (1915).

Headnote 2(a) defines "coated" as treatment of the fabric which "visibly and significantly affect[s] the surface or surfaces thereof otherwise than by change in color." That definition is sufficiently clear and unambiguous to obviate resort to legislative history in a search for congressional intent. The government points to no ambiguity in the statutory language *per se,* but asserts that legislative history shows a congressional intent that the headnote have a meaning different from that of its plain language. As stated in *United States v. Corning Glass Works,* 586 F.2d 822, 825, 66 CCPA ——, C.A.D. 1216 (1978), "[C]reation of an ambiguity in an otherwise clear and unambiguous statute, by reference to legislative history, is improper."

The government's reliance on a portion of the *Explanatory Notes To The Brussels Nomenclature*[5] is misplaced. The portion re-

---

4. Judge Ford's finding that the "visibly affect the surface of the fabric" test was literally satisfied is not contested on appeal.

 In view of our holding, we do not reach Rosenthal's equitable estoppel contention.

5. The portion relied on by the government reads:

 59.08—TEXTILE FABRICS IMPREGNATED, COATED, COVERED OR LAMINATED

WITH PREPARATIONS OF CELLULOSE DERIVATIVES OR OF OTHER ARTIFICIAL PLASTIC MATERIALS.

This heading covers textile fabrics which have been impregnated, coated, covered or laminated with preparations based on cellulose derivatives (e. g., cellulose nitrate or cellulose acetate) or other artificial plastic materials (e. g., polyvinyl chloride).

lied on, having been drafted after enactment of the Tariff Schedules, was not part of the legislative history of the headnote. Further, the headnote language differs from that of the *Brussels Nomenclature*. See *F. L. Smidth & Co. v. United States*, 409 F.2d 1369, 56 CCPA 77, C.A.D. 958 (1969).

### (3) *Administrative Inconvenience*

[4] The government argues that the result reached here would create an administratively unworkable criterion for identifying a coated fabric, asserting that both coated and uncoated fabric samples would be required to enable the Customs Service to determine whether the fabric is coated. If that assertion be correct, it remains unavailing. That a test required by a headnote may be more difficult to administer cannot justify a disregard of the clear meaning of the headnote. *Cf. United States v. F. W. Myers & Co., Inc.*, 45 CCPA 48, C.A.D. 671 (1958) (possibility of fraud does not justify judicially rewriting a statute).

The government's arguments being unpersuasive, Judge Ford's judgment is *affirmed.*

Such products are classified here whatever their weight per m2 and whatever the nature of the artificial plastic component (compact, foam, sponge or expanded), provided:
(1) That, in the case of impregnated, coated or covered fabrics, the impregnation, coating or covering can be seen with the naked eye otherwise than by a resulting change in colour.
Textile fabrics in which the impregnation, coating or covering cannot be seen with the naked eye or can be seen only by reason of a resulting change in colour are excluded; these usually fall within Chapters 50 to 58 or in Chapter 60. Examples of fabrics excluded on these grounds are those impregnated with substances designed solely to render them creaseproof, mothproof, unshrinkable or waterproof (e. g., waterproof gabardines and poplins).