PACIFIC TRAIL SPORTSWEAR, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 86–09–01172

(Decided January 8, 1988)

*Rode & Qualey (Michael S. O'Rourke)* for plaintiff.

*Richard K. Willard,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Department of Justice (*Barbara M. Epstein*), for defendant.

DICARLO, *Judge:* Plaintiff challenges the United States Customs Service (Customs) classification of birch colored ski jackets entered July, 1985 as "[o]ther men's or boys' wearing apparel, not ornamented: [o]f manmade fibers: [n]ot knit: [o]ther: [c]oats * * * [o]ther," under item 379.95, Tariff Schedules of the United States (TSUS). Plaintiff moves for summary judgment, asserting that the ski jackets are properly classifiable as "[g]arments designed for rainwear, hunting, fishing, or similar uses, wholly or almost wholly of fabrics which are coated or filled, or laminated, with rubber or plastics, which (after applying headnote 5 of schedule 3) are regarded as textile materials: * * * [o]ther," under item 376.56, TSUS. Defendant opposes plaintiff's motion and cross-moves for summary judgment affirming Custom's classification. The court denies both motions.

The question presented by plaintiff's motion for summary judgment is whether the passing of the "sprinkle test" by fabric samples of the imported ski jackets satisfies the requirement that the coating on those jackets visibly affect the surface of the material. The defendant agrees that if the "sprinkle test" is a valid means of making this factual determination then summary judgment in plaintiff's favor should be granted.

In *Kaplan Products & Textiles, Inc.* v. *United States,* 70 Cust. Ct. 166, C.D. 4425 (1973), the court considered whether cotton suede fabric treated to be water repellant was a coated fabric under headnote 2(a) of Schedule 3, part 4, subpart C, TSUS. Under that headnote, textile fabrics are deemed coated for purposes of the TSUS if the coating visibly and significantly affects the surface or surfaces of the material, otherwise than by change in color and regardless of whether the color is changed. The *Kaplan* court acknowledged that the hydrophobic effect of the treated fabric could be seen in that water sprinkled on such fabric formed round droplets which could be shaken off, but the Court found "the fact that the finish creates a water-repellant surface is entirely immaterial in the absence of any visible affect thereon." *Id* at 169. While the court reached its conclusion that the "sprinkle test" was not evidence of the coating's visible affect on the surface of the material based on the clear and unambiguous language of headnote 2(a), it also examined in detail the legislative history of that headnote and found such history consistent with the headnote's express wording.

Plaintiff has failed to show this Court that the conclusion reached in *Kaplan* has been rejected or overruled. Although in *Rosenthal Co.* v. *United States,* 81 Cust. Ct. 77, C.D. 4769, 460 F. Supp. 1246 (1978) *aff'd,* 67 CCPA 8, C.A.D. 1236, 609 F.2d 999 (1979), the *Kaplan* decision is discussed and distinguished, the legal significance of the "sprinkle test" as it relates to the definition of coated in headnote 2(a) was neither rejected by the trial court nor overruled by the appellate court.

Plaintiff has also failed to persuade this Court that it should not follow *Kaplan.* The Court denies plaintiff's motion for summary judgment.

Evidence is admissible to determine if the coating visibly affects the surface of the ski jackets. Therefore the defendant's cross-motion for summary judgment is denied.

Both motions for summary judgment are denied.