ZOLTEK CORPORATION, Plaintiff,

v.

The UNITED STATES, Defendant.

Court No. 87–07–00775.

United States Court of
International Trade.

Dec. 29, 1989.

Hodes & Pilon, Lawrence R. Pilon, Chicago, for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, New York City, Saul Davis, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

RE, Chief Judge:

Plaintiff requests that the chief judge issue an order designating this action for trial in Chicago, Illinois, on or about May 1, 1990. This request raises questions which pertain to the sound management of the court's docket. The specific question presented is under what circumstances will the chief judge, pursuant to 28 U.S.C. §§ 253(b) and (c), and § 256(a), and USCIT Rs. 40(a) and (b) and 77(c)(2), issue an order designating the trial of an action at a place within the United States other than New York City.

It is the conclusion of the chief judge that the discretionary authority to designate the venue of a trial outside of New York City should be exercised only upon an affirmative showing that the interests of economy, efficiency and justice will be served. Since, in this action, the request is

premature, and does not appear to promote the timely and efficient disposition of this action, plaintiff's request for trial is denied without prejudice.

## BACKGROUND

In July 1987, plaintiff instituted this action challenging the classification of certain conveyor belts imported from Hungary. Customs classified the imported merchandise under TSUS item 358.14 as belting and belts for machinery of man-made fibers. Plaintiff maintains that the component in chief value of the merchandise is synthetic rubber, and, hence, the merchandise should be classified under TSUS item 358.16. Alternatively, plaintiff claims that the merchandise is classifiable as belt conveyors and parts thereof under TSUS item 664.10.

Plaintiff also alleges that, at the time of importation, there existed an established and uniform practice of classifying the imported merchandise under TSUS item 358.-16. Therefore, it is plaintiff's contention that the classification of the merchandise under TSUS item 358.14 was contrary to this practice and the applicable administrative procedures for changing an established and uniform practice.

## PROCEDURAL HISTORY

In this action, upon the filing of the summons, the action was placed on the Reserve Calendar by operation of the court's Rules. It remained there for a period of five months, at which time, in November 1987, plaintiff filed a complaint. In February 1988, defendant filed its answer. As a result, the action was moved to the Joined Issue Calendar, where, under USCIT R. 86(a), it could remain for a period of six months. Before the end of the 6–month period, plaintiff, with the consent of defendant's counsel, moved for, and was granted a 6–month extension of time for this action to remain on the Joined Issue Calendar until February 28, 1989. Just prior to the expiration date of that calendar, plaintiff, again, with the consent of defendant's counsel, moved for, and was granted a second 6–month extension of time to remain on the Calendar until August 31, 1989.

In granting plaintiff's second request for an extension of time, the chief judge issued an order, which stated:

> plaintiff ... [was] granted a *final* extension of time to August 31, 1989 during which this action may remain on the joined issue calendar, and it is further
>
> ORDERED that if the action is not removed from the joined issue calendar by August 31, 1989, the clerk shall dismiss the action pursuant to Rule 86(b) for lack of prosecution without further direction of the court.

*See* Order granting Plaintiff's Consent Motion to Remain on Joined Issue Calendar (Feb. 22, 1989) (emphasis in original).

On August 30, 1989, plaintiff filed a request for trial to be held in Chicago, Illinois some nine months later, on or about May 1, 1990. In its request, plaintiff stated that it had conferred with the defendant's counsel, and that counsel did not concur in the request and would file a response. On September 19, 1989, defendant filed its response. Although defendant did not consent to plaintiff's request for trial in Chicago, it stated that it had no objection to the request for trial.

## DISCUSSION

■ The authority of the chief judge to designate an action for trial at a place within the United States other than New York City is found in 28 U.S.C. §§ 253(b) and (c) and § 256(a). Sections 253(b) and (c), in pertinent part, provide:

> (b) The chief judge shall promulgate dockets.
>
> (c) The chief judge, under rules of the court, may designate any judge or judges of the court to try any case....

28 U.S.C. §§ 253(b) and (c) (1982).

Section 256(a) of Title 28 provides:

> The chief judge may designate any judge or judges of the court to proceed, together with necessary assistants, to any port or to any place within the juris-

diction of the United States to preside at a trial or hearing at the port or place. 28 U.S.C. § 256(a) (1982).

These statutory provisions are implemented by Rule 77(c)(2) of the Rules of the United States Court of International Trade, which provides:

(c) Place of Trials or Hearings

(2) *Other Than New York City*. The chief judge may, as authorized by 28 U.S.C. §§ 253(b) and 256(a), designate the place and date of any trial or hearing to be held at, or continued to, any place other than New York City within the jurisdiction of the United States.

USCIT R. 77(c)(2).

In addition, USCIT R. 40(a) governs the filing of a request for trial, regardless of the venue of the trial. That rule provides, in pertinent part:

(a) Request. At any time after issue is joined in an action, unless the court otherwise directs, any party who desires to try an action shall: (1) confer with the opposing party or parties to attempt to reach agreement as to the time and place of trial, and (2) serve upon the opposing party or parties, and file with the court, a request for trial which shall be substantially in the form set forth in Form 6 in the Appendix of Forms. The request shall be served and filed at least 30 days prior to the requested date of trial, or upon a showing of good cause, at a reasonable time prior to the requested date of trial. A party who opposes the request shall serve and file its opposition within 10 days after service of the request, unless a shorter period is directed by the court.

USCIT R. 40(a).

The granting of a request for a trial at a place outside of New York City, as well as a request, pursuant to 28 U.S.C. § 256(b), for an evidentiary hearing in a foreign country requires the exercise of sound discretion. *See Simod Am. Corp. v. United States*, 10 CIT 466, 641 F.Supp. 817 (1986). Furthermore, based on the applicable statutes and the implementing Rules of the court, it is clear that a party "cannot, as a matter of right, select the venue for a trial

... before the court." *Simod*, 10 CIT at 469, 641 F.Supp. at 819 (*citing Shannon Luminous Material Co. v. United States*, 69 Cust.Ct. 317, 319, C.R.D. 72–21, 349 F.Supp. 1000, 1003 (1972)).

In addition to the discretionary nature of the request, case law has long taught that:

[t]he business of the ... Court is so extensive that disorder and inefficiency would quickly result if assignment of cases and places of hearing were not constantly within the control of some centralized authority with that court.

*United States v. Sanchez*, 15 Ct.Cust.Apps. 443, T.D. 42642 (1928), quoted in *Simod*, 10 CIT at 469, 641 F.Supp. at 819. Therefore, comparable to motions pertaining to the assignment or reassignment of an action, or the authorizing of a hearing in a foreign country, the decision to designate a place of trial outside of New York City lies within the sound discretion of the chief judge. *See, e.g., Washington Int'l Ins. Co. v. United States*, 11 CIT 249, 659 F.Supp. 235 (1987) (motion for assignment of action to a three judge panel under 28 U.S.C. § 255); *Roses, Inc. v. United States*, 12 CIT ——, 682 F.Supp. 577 (1988) (motion for reassignment under 28 U.S.C. § 253(c) to rehear orders of dismissal issued by the assigned judge); *Simod, supra* (motion under 28 U.S.C. § 256(b) for evidentiary hearing in Padova, Italy).

As with a motion for an evidentiary hearing under 28 U.S.C. § 256(b), the chief judge will consider a variety of factors in the exercise of this discretion. Among these factors are: (1) the procedural posture of the litigation; (2) the question presented, and whether the issues in dispute are of fact or law; (3) the availability and convenience of the witnesses of both parties; (4) the availability of a courtroom at the requested place of trial; (5) the availability of alternate means to obtain the evidence and testimony that may be presented outside of New York City; (6) the importance and relevance of the port of importation; (7) the cost to the parties and the court; and (8) the importance of the action to the parties, as well as the public

interest. *See Simod,* 10 CIT at 470, 641 F.Supp. at 820.

The court has long recognized the practice and tradition in customs jurisprudence of providing "an accessible forum to a party litigant who finds it burdensome and impractical to try his action at a place other than the port of importation." *Shannon Luminous* 69 Cust.Ct. at 323, 349 F.Supp. at 1006. *Shannon Luminous* also teaches that it may be an abuse of discretion "to accede to the request of the plaintiff as to the venue of ... [an] action in the absence of any information or reasons having been stated...." *Ibid.*

 In its request, plaintiff alleges that: (1) Chicago is the appropriate venue for the trial as it is the port of entry and is most convenient and economical for plaintiff's witnesses; and (2) it intends to call only two witnesses whose examination will require one to two hours. Plaintiff further alleges that it has not completed discovery, but will do so prior to the requested trial date.

In view of the procedural history of this action, the allegation pertaining to incomplete discovery has caused the chief judge to conclude that plaintiff's request for trial is premature. More specifically, the court granted plaintiff two extensions of time for a total of 12 months to have this action remain on the Joined Issue Calendar until August 31, 1989. The granting of these extensions was premised on plaintiff's express representations that it needed additional time to engage in discovery, and to provide the defendant with the necessary information to settle this action through a "Stipulated Judgment on Agreed Statement of Facts" pursuant to USCIT R. 58.1. *See* Consent Motion for Extension of Time to Remain on Joined Issue Calendar (Feb. 21, 1989).

Because the requests for extensions of time were granted, plaintiff's action was permitted to remain on the Joined Issue Calendar for a period of 18 months until August 31, 1989. On August 30, 1989, one day prior to the expiration date of that Joined Issue Calendar and the dismissal of this action for lack of prosecution, plaintiff filed a request for trial to take place on or about May 1, 1990, nine months in the future.

It is axiomatic that a request for trial is a representation that the action is in a posture that is ready for trial. This implies that issue is joined, that the parties have framed the issues, that discovery is complete or nearly complete, and that the parties are prepared to proceed with the disposition of the action on the merits. Indeed, these considerations can be said to be similar to the conditions precedent for the filing of a "Statement of Readiness" found in the civil court practice of some states. *See, e.g.,* D. Siegel, New York Practice § 370 (1978 & Supp.1987) (discussion of Certificate of Readiness for Trial under the Uniform Rules for New York State Trial Courts, 3 West's McKinney's Forms § 7.2B (Supp.1989)).

While the filing of a request for trial is an accepted mechanism for removing an action from the Joined Issue Calendar, it must also advance the action toward its final disposition. The court recognizes that Rule 40(a) and its accompanying form, Form 6, require the requesting party to make only certain allegations, all of which were made by the plaintiff, in support of its request for trial. Nevertheless, these requirements must be read in conjunction with the provisions of USCIT R. 11 and the applicable standards of professional responsibility.

Rule 11 provides, *inter alia,* that the signature of an attorney on a "pleading, motion, or other paper" constitutes a certification that it is "well grounded in fact" and "is not interposed for any improper purpose, such as ... to cause unnecessary delay...." In a particular action, if the court were to conclude that a pleading, motion or other paper was signed in violation of Rule 11, the court might, indeed, impose an appropriate sanction upon the party and the attorney, who signed it. *See generally,* G. Joseph, Sanctions: The Federal Law of Litigation Abuse § 13 (1989); W. Schwarzer, Sanctions Under The New Federal Rule 11—A Closer Look, 104 F.R.D. 181, 195–96 (1985). *See also Chev-*

*ron, U.S.A., Inc. v. Hand,* 763 F.2d 1184 (10th Cir.1985) (sanction imposed for motion filed solely for the purpose of causing delay). *Cf. Cleaver v. Elias,* 852 F.2d 266 (7th Cir.1988) (sanction imposed under Fed. R.App.P. 38 for premature filing of an appeal).

Under the circumstances presented, there is a serious question whether plaintiff's request for trial was intended to advance this action to a decision on the merits. A close examination of the docket sheet in this action could cause the chief judge to believe that plaintiff's request was designed to obtain a further extension of time, thereby obviating the precise terms of the chief judge's order of February 22, 1989, and avoiding dismissal for lack of prosecution pursuant to Rule 86(b). It is significant to note that plaintiff has failed to allege any specific reasons or grounds which require nine additional months to prepare this action for trial. Clearly, the inclusion of this information in plaintiff's request would have assisted the chief judge in considering plaintiff's reason and purpose, and the appropriateness of its request.

The timing of the filing of the request for trial is also a pertinent factor in determining whether to grant plaintiff's request. In this action, plaintiff filed its request nine months before the requested trial date. Prior to 1980, this court's predecessor court, the Customs Court, maintained courtrooms in major port cities throughout the United States. At that time, scheduling a trial nine months in advance at a port other than New York City posed few, if any, administrative inconveniences. In the interests of fiscal responsibility and economy, the Court of International Trade, however, no longer maintains those courtrooms. At the suggestion of a subcommittee of the House Committee on Appropriations, this court relinquished these "outport" courtrooms. *See Departments of State, Justice, and Commerce, the Judiciary, and Related Agencies Appropriations for 1980: Hearings Before the Subcomm. on the Departments of State, Justice, and Commerce, the Judiciary, and Related Agencies Appropriations,* 96th

Cong., 1st Sess. 57, 73–83 (Part 1 1979); *Departments of State, Justice, and Commerce, the Judiciary, and Related Agencies Appropriations for 1981: Hearings Before the Subcomm. on the Departments of State, Justice, and Commerce, the Judiciary, and Related Agencies Appropriations,* 96th Cong., 2d Sess. 53, 62 (Part 1 1980).

Since that time, the Court of International Trade has relied upon the cooperation of the United States courts of appeals or district courts for courtrooms in order to conduct trials outside of New York City. While these courts have been most cooperative, because of their need to service their own dockets, these courts cannot be expected to confirm the availability of a courtroom for this court's use more than 90 days prior to the requested date. Hence, where a request for trial is filed more than 90 days in advance of the requested trial date, the chief judge has been constrained, by administrative considerations, to defer acting on the request. The result has been that an action may have languished unassigned, and not subject to any calendar management controls for an unspecified period of time. Clearly, this practice has done violence to the responsibility of the chief judge to supervise the court's docket so as to insure the prompt and efficient disposition of its cases. Therefore, based on more than a decade of experience, it is the opinion of the chief judge that a request for trial outside of New York City filed more than three months before the requested trial date does not serve the interests of economy, efficiency and justice. Accordingly, absent extraordinary circumstances, the request for trial must be denied.

It may be well to add that this action is not an isolated incident, but rather, represents a growing tendency on the part of some counsel for plaintiffs in traditional customs litigation. This tendency seems to indicate that some attorneys may be using a premature request for trial as a substitute for a motion for an extension of time. Hence, it may be noted that there are presently pending before the chief judge four

other actions, all unassigned, in which the plaintiffs have filed requests for trial outside of New York City, some 6 to 9 months before the requested trial date. In three of the actions, the requests were filed after the chief judge had granted plaintiff a final extension of time to remain on the Joined Issue Calendar, and just prior to the expiration date of that calendar and the dismissal of the action for lack of prosecution under Rule 86(b).

Furthermore, this practice is not limited to requests for trial at an "outport", *i.e.*, at a city other than New York City. The chief judge notes that there are pending requests for trial in New York City in which the requests were filed 9 to 13 months prior to the requested date. In these actions as well, several of the requests for trial in New York City were filed after the chief judge had granted plaintiff a final extension of time to remain on the Joined Issue Calendar, and immediately prior to the expiration date of that calendar and the dismissal of the action for lack of prosecution under Rule 86(b). While the availability of courtroom space may not be a factor in these actions, the practice, nevertheless, also violates the underlying intent of the court's orders and the spirit of the court's Rules.

To fulfill properly this important administrative responsibility, all future requests for trial will be carefully scrutinized by the chief judge to prevent and deter the practice evidenced in this action. Clearly, each request for trial will be decided on the procedural history of the particular action. Considerations of public policy and sound judicial administration, however, will require that the chief judge deny a request for trial, outside of New York City, in those actions in which the purpose may be to ignore and negate the intent of the Rules of this court, and the responsibility of the court to dispose of its cases in a timely and efficient manner.

## CONCLUSION

It is the conclusion of the chief judge that the filing of plaintiff's request for trial in Chicago, Illinois nine months prior to the requested trial date is premature. Furthermore, the chief judge cannot conclude that the plaintiff has made the necessary showing that a trial in Chicago, Illinois would serve the interests of economy, efficiency and justice.

Accordingly, it is hereby

ORDERED that plaintiff's request to have this action tried in Chicago, Illinois on or about May 1, 1990 is denied without prejudice; and it is further

ORDERED that to avoid the dismissal of this action by virtue of the denial of plaintiff's request for trial, this action is assigned to the Honorable Dominick L. DiCarlo for all purposes. Undoubtedly, in the interests of sound judicial administration, the assigned judge, as soon as practicable, will convene the parties in a Rule 16 conference for the purpose of establishing a date for the trial of this action no later than 90 days from the date of this order.