TURBON PRODUCTS, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 89-06-00325

(Dated February 28, 1992)

*Stein Shostak Shostak & O'Hara*, Los Angeles (*Robert Glenn White*), for plaintiff.
*Stuart M. Gerson*, Assistant Attorney General, *Joseph I. Liebman*, Attorney in Charge, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, (*James A. Curley*), for defendant.

### MEMORANDUM OPINION AND ORDER

MUSGRAVE, *Judge*: This Court entered a scheduling order in this case on December 17, 1991, which set a trial date of June 9, 1992. Plaintiff had informally requested that trial be set for Philadelphia, because its witnesses and much of its evidence are located nearer to Philadelphia than to New York City. Plaintiffs request was denied.

Plaintiff now formally moves this Court to reconsider its decision to set trial for New York City. Plaintiff contends that the statutory scheme provides "equal access to its justice by all importers throughout this nation" and that where "there are no unusual problems that override the statutory scheme * * * trial in the district of entry should be the rule, not the exception." Plaintiffs brief, at 4–5.

Court of International Trade Rule 77(c)(2) states the "Chief Judge *may*, as authorized by 28 U.S.C. §§ 253(b) and 256(a), designate the place and date of any trial or hearing to be held at * * * any place other than New York City within the jurisdiction of the United States." US-CIT, Rule 77(c)(2)(1991) (emphasis added).

Although plaintiff cites *Shannon Luminous Material Co. v. United States*, 69 Cust. Ct. 317, 349 F. Supp. 1000 (1972), that case is unconvincing. Plaintiff in *Shannon Luminous Material* claimed that it had a constitutional right to choose where trial should be held. *Id.*, at 317, 349 F. Supp. at 1002. The Court held that the determination of venue of an

action is not vested in a party as a constitutional right. *Id.*, at 319, 349 F. Supp. at 1003. On rehearing, former Chief Judge Boe did allow evidentiary hearings to be held in Los Angeles after plaintiff submitted information concerning the availability of witnesses who were essential to plaintiff's case. *Shannon Luminous Material Co. v. United States*, 70 Cust. Ct. 319, 320, C.R.D. 73–1 (1973).

The government cites the more recent case of *Zoltek Corp. v. United States*, 13 CIT 1098, 728 F. Supp. 762 (1989), where former Chief Judge Re outlined several factors which inform the discretion of the Chief Judge in deciding whether to set a trial outside of New York. Those factors include, *Id.*, at 1102, 728 F. Supp. at 764–65:

1. The procedural posture of the case. This case has proceeded expeditiously from filing to scheduling of a trial, unlike the *Zoltek* case. *Id.*, 13 CIT at 1104–05, 728 F.Supp. at 766–67 (premature request for trial at outport apparently filed in lieu of motion for extension of time).

2. The question presented, and whether the issues in dispute are of fact or law. The questions presented have not been completely framed, although in classification cases the questions will more likely be factual than legal.

3. The availability and convenience of the witnesses of both parties. If there is a trial, plaintiff's two witnesses will have to make either an eighty-eight mile journey from York, Pennsylvania to Philadelphia, Pennsylvania, or a 182 mile trip to New York City. Defendant's counsel does not say how many witnesses he plans to call, although he does state that the Customs personnel from Philadelphia, Baltimore and Washington, D.C. "have little or nothing to do with this lawsuit and are not expected to testify." Defendant's opposition, at 2. Defendant's counsel states only that "the trial witnesses are located in New York City." *Id.* Presumably that means that government counsel plans to call more than one witness.

4. The availability of a courtroom at the requested place of trial. It is difficult to predict whether there would be a courtroom available in Philadelphia five months from now. See *Zoltek*, 13 CIT at 1104, 728 F. Supp. at 766.

5. The availability of alternate means to obtain the evidence and testimony that may be presented outside of New York City. Plaintiff's witnesses' testimony could be recorded in a videotaped deposition, or they could testify over the phone, but both could reduce the ability of the trier of fact to judge their credibility. Plaintiff has not presented the Court with compelling reasons to resort to the use of alternative methods for obtaining testimony.

6. The importance and relevance of the port of importation. The parties are split on the importance of the port of importation. It has been the Court's experience that the port of importation is often unimportant in the determination of factual issues in classification cases.

7. The cost to the parties and the Court. Given the distance between New York and Philadelphia, it is likely that plaintiff's witnesses would have to spend the night in Philadelphia even were the trial to be held there. Therefore, the added expense of travel to New York and housing the witnesses in New York would be incremental. It is clear that the costs of transporting and housing the Court's personnel, the government attorney and his witnesses would likely outweigh the added financial burden to plaintiff's two witnesses to travel from York to New York.

Because of these factors, and because plaintiff has not shown the Court a compelling reason for setting the trial in Philadelphia which overcomes these concerns, plaintiff's motion for reconsideration is DENIED.